O

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| MARY CLEMENT,            )<br>                          )<br>       Plaintiff,       )<br>                          )<br>       v.                 )<br>                          )<br>HYRAIL PARTNERS V LLC., ET AL, )<br>                          )<br>       Defendants.        )<br>_____) | Case No. CV 08-3454-PSG (MLG)<br><br>MEMORANDUM OPINION AND ORDER<br>DISMISSING COMPLAINT FOR FAILURE<br>TO PROSECUTE |

This is a *pro se* civil rights action brought pursuant to 42 U.S.C. § 1983. The action was filed on May 27, 2008. Plaintiff paid the full filing fee and is not proceeding in forma pauperis. In accordance with the Court's May 28, 2008 Order, Plaintiff was directed to personally serve the defendants with a summons and complaint no later than September 24, 2008. Plaintiff was informed that the failure to timely effect service would result in dismissal of the action. On September 24, 2008, Plaintiff filed a motion to extend the time to effect service. That motion was granted and Plaintiff was given until October 17, 2008 in which to serve the Defendants. No certificates or other indicia of service have been filed as of November 5, 2008.

Pursuant to Federal Rule of Civil Procedure 4(m), if service of the summons and complaint is not made within 120 days of the filing of the complaint, the court shall dismiss the matter without prejudice unless good cause is shown to extend the time for service. Plaintiff has not effected service in the time allowed despite being given additional time in which to do so. And, she has not shown good cause for the failure to timely effect service.

The Court has the inherent power to achieve the orderly and expeditious disposition of cases by dismissing actions for failure to prosecute. *Link v. Wabash R.R.*, 370 U.S. 626, 629-30 (1962); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992). The Court is required to weigh the following factors in determining whether to dismiss a case for lack of prosecution: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Ferdik*, 963 F.2d at 1260, 1261; *In re Eisen*, 31 F.3d 1447, 1451 (9th Cir. 1994) (citing *Henderson*, 779 F.2d at 1423); *see also In re PPA Products Liability Litigation*, 460 F.3d 1217, 1226 (9th Cir. 2006); *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002).

Here, the public's interest in the expeditious resolution of litigation and the court's interest in managing its docket weighs in favor of dismissal. Given Plaintiff's failure to comply with the court's order, dismissal would not undermine the public policy favoring disposition of cases on the merits. In addition, there is no identifiable risk of prejudice to Defendants. Finally, four months have elapsed without Plaintiff having served any one of the

defendants.  She has failed to demonstrate good cause for failing to perform this preliminary act.

Balancing all of these factors, dismissal of this action without prejudice for failure to prosecute is warranted.

IT IS SO ORDERED.

Dated: November 5, 2008

_____
Philip S. Gutierrez
United States District Judge

Presented By:

_____
Marc L. Goldman
United States Magistrate Judge

3